*Oct. 25th.*

———

COMMONWEALTH *versus* WALES BRIGGS *et al.*

A writ of *habeas corpus* may properly be issued against a wife, on the application of the husband, for the purpose of obtaining the custody of their child.

Where, in the case of an unauthorized separation of a wife and child from her husband, without any apparent justifiable cause, it was not clearly proved, that the husband was unfit to have custody of the child, the Court ordered it to be restored to him.

WRIT of *habeas corpus*. The facts of this case appear sufficiently from the opinion of the Court.

*Coffin* and *Colby*, for the Commonwealth, cited, *The King* v. *Manneville*, 5 East, 221 ; *De Manneville* v. *De Manneville*, 10 Ves. 52 ; *Commonwealth* v. *Addicks*, 5 Binn. 520 ; *S. C.* 2 Serg. & Rawle, 174 ; *Rex* v. *Moseley*, 5 East, 224, note.

*Warren* and *A. Bassett*, for the respondents, cited *Commonwealth* v. *Addicks*, 5 Binn. 520 ; *S. C.* 2 Serg. & Rawle, 174.

*Oct. 24th.*

SHAW C. J. delivered the opinion of the Court. This writ was sued out upon the petition of Samuel Thacher, and directed to Mehitable Thacher, wife of the petitioner, and Wales Briggs, her father, requiring them to bring in the body of Samuel W. Thacher, a child of the petitioner and Mehitable, between three and four years old. Upon the return of the writ, it appears, that Briggs admits, that his daughter with her child, are residing at his house, but he claims no custody of the child. It further appears, that the wife is living separate and apart from her husband, without any divorce, or separation by mutual agreement; and she claims the custody of the child, on the ground that the father is intemperate, and in other respects an unfit person to take care of the child.

Upon the first application for this writ a doubt was entertained, whether the writ could properly be issued against a wife on the application of the husband. This doubt originated in the well known rule, that there can be no adverse interest between husband and wife, but that in contemplation of law, the custody of both wife and child belongs to the husband and father, and is actually in him. But on consideration, the writ being in the name of the Commonwealth, the technical objection of a suit between husband and wife, is avoided; and irasmuch as the writ is designed to secure and promote personal liberty, slight objections ought not to be entertained. The process may be often useful and highly beneficial, as the only efficient and peaceful remedy for a husband to obtain the custody of his child, when he is entitled to it. The Court, therefore, are of opinion, that a writ of *habeas corpus* might issue to a wife at the instance of her husband.

On hearing the evidence, the Court were satisfied, that the charge of intemperance on the part of the husband, was not established. They were of opinion, that unless there is some justifiable cause of separation, the Court ought not to sanction the unauthorized separation of husband and wife, by ordering the child into the custody of the mother, thus separated and out of the custody of the father. If there be any good cause of divorce, either *a vinculo* or *a mensâ*, and proceedings are instituted, the Court will then take such order, as to the cus

tody both of the wife and children, as the circumstances of the case may require.

As a general rule, the writ of *habeas corpus*, and all action upon it, are governed by the judicial discretion of the Court, in directing which all the circumstances are to be taken into consideration. In the case of a child of tender years, the good of the child is to be regarded as the predominant consideration. There may be cases in which the Court would not interfere, in favor of a father, to take the child from any safe custody, to deliver it to him ; as where he is a vagabond and apparently wholly unable to provide for the safety and wants of the child. But in general, as the father is by law clearly entitled to the custody of his child, the Court will so far interfere as to issue the writ and inquire into the circumstances of the case, in order to prevent a party entitled to the custody of a child, from seeking it by force or stratagem. And the Court will feel bound to restore the custody, where the law has placed it, with the father, unless in a clear and strong case of unfitness on his part to have such custody. The unauthorized separation of the wife from her husband without any apparent justifiable cause, is a strong reason why the child should not be restored to her. On all the circumstances of the case, the Court are of opinion, that no sufficient cause has been shown, for taking the custody of this child from the father, and therefore that the child be restored to him.

NOTE. It was suggested by the Court in the course of the hearing, to the counsel for the respondents, that if there was any legal ground for divorce, the hearing might be suspended, to give the wife time to file her libel. But it was stated in answer, that probably no legal ground for a divorce could be substantiated.